UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: CR05-130- JLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DETENTION ORDER |
| | ) | |
| RICHARD CAYOU, JR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Offense charged:

    Sexual Act with a Minor

Date of Detention Hearing:    September 2, 2005

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)    Defendant is charged by Indictment with engaging in a sexual act with a minor female between the ages of 12 to 16 years.

    (2)    Defendant has an extremely lengthy record of involvement in the criminal justice system either as a witness or defendant, including theft, multiple instances of failing to appear,

DETENTION ORDER    15.13
18 U.S.C. § 3142(i)    Rev. 1/91
PAGE 1

01  probation violations, taking a motor vehicle without permission, burglary, vehicle prowl, alcohol

02  problems, resisting arrest and criminal trespass.  There is currently a No Contact order in effect

03  against the defendant involving the alleged victim of the instant offense.

04        (3)     The defendant is able to travel freely across the United States/Canadian border by

05  utilizing his tribal identification, without regard to pending charges or criminal history.

06        (4)     The defendant has a history of sporadic employment, and substance abuse.

07        (5)     The defendant does not have a viable release plan and therefore does not contest

08  detention.

09        (6)     The defendant poses a risk of non appearance due to ability to travel freely between

10  the United States and Canada, criminal history, sporadic employment, substance abuse, history of

11  failing to appear and the nature of the instance offense.  He poses a risk of danger due to the

12  nature of the instant offense, criminal history, past history of substance abuse and potential mental

13  health issues.

14        (7)     There does not appear to be any condition or combination of conditions that will

15  reasonably assure the defendant's appearance at future Court hearings while addressing the danger

16  to other persons or the community.

17  It is therefore ORDERED:

18        (1)     Defendant shall be detained pending trial and committed to the custody of the

19                  Attorney General for confinement in a correction facility separate, to the extent

20                  practicable, from persons awaiting or serving sentences or being held in custody

21                  pending appeal;

22        (2)     Defendant shall be afforded reasonable opportunity for private consultation with

23                  counsel;

24        (3)     On order of a court of the United States or on request of an attorney for the

25                  Government, the person in charge of the corrections facility in which defendant is

26                  confined shall deliver the defendant to a United States Marshal for the purpose of

DETENTION ORDER                                        15.13
18 U.S.C. § 3142(i)                                   Rev. 1/91
PAGE 2

an appearance in connection with a court proceeding; and

(4)   The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this  2nd  day of September, 2005.

Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER                                                                                         15.13
18 U.S.C. § 3142(i)                                                                                     Rev. 1/91
PAGE 3